DISCIPLINARY COUNSEL *v.* OBERHOLTZER.

[Cite as *Disciplinary Counsel v. Oberholtzer,* 138 Ohio St.3d 1242,

2014-Ohio-647.]

(No. 2012-2073—Submitted February 21, 2014—Decided February 25, 2014.)

ON ORDER TO SHOW CAUSE

_____

{¶ 1} On September 4, 2013, this court suspended respondent, Mattheuw William Oberholtzer, from the practice of law for a period of 12 months, stayed the entire suspension, placed respondent on a 12-month monitored probation, and ordered respondent to pay board costs in the amount of $1,525.09. Respondent has not paid board costs as ordered by the court. On January 17, 2014, this court issued an order to show cause why respondent should not be found in contempt for failure to pay board costs. Respondent did not file a response to the show-cause order.

{¶ 2} Upon consideration thereof, it is ordered and adjudged by this court that respondent, Mattheuw William Oberholtzer, Attorney Registration No. 0041239, last known address in Canton, Ohio, is found in contempt for failure to comply with the court's September 4, 2013 order.

{¶ 3} It is further ordered that the previously imposed stay of the 12-month suspension is revoked and that respondent is suspended from the practice of law until respondent pays all costs and accrued interest in full, has applied for reinstatement, and has been granted reinstatement by this court.

{¶ 4} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R.

V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 5} It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of the instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 6} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent pays the board costs, including any and all accrued interest, (2) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (4) respondent complies with this and all other orders of the Court, and (5) this court orders respondent reinstated.

{¶ 7} It is further ordered that respondent shall immediately do the following:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 9} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time

and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 11} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 12} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 13} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where respondent may receive communications; and

{¶ 14} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 15} It is further ordered that respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 16} It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 17} It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the last known address of respondent.

**{¶ 18}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R.V(8)(D)(1), that publication be made as provided for in Gov.Bar R.V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____